

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED
DEC 18 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              )   Case No. 04-27697-D-13L
                                   )   Docket Control No. MWB-10
ALAN AND LINDA ZINK,               )
                                   )
        Debtors.                   )   DATE:   November 13, 2007
                                   )   TIME:   1:00 p.m.
_____    )   DEPT:   D (Courtroom 34)

**MEMORANDUM DECISION ON SECOND MOTION FOR APPROVAL OF
ATTORNEYS FEES AND COSTS PAYABLE**

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

Alan and Linda Zink (the "debtors") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on July 27, 2004. Throughout this case Mark W. Briden, Attorney at Law ("Counsel") has acted as counsel for the debtors and this is Counsel's fourth fee motion. Through this fourth fee motion (the "Motion"), Counsel seeks additional compensation of $1,170 in fees and $41.20 in costs. Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness.

Section 330 of the Code sets out the standard for which courts should determine the reasonableness of attorney's fees. This section provides that in determining the amount of

reasonable compensation the court should consider the nature, extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases. Reasonableness is determined by looking at the nature, extent and value of the services rendered. See <u>In re Eliapo</u> 298 B.R. 392, 401 (9th Cir. BAP 2003).

In determining reasonableness under § 330(a)(3)(D) of the Code the court is to consider whether services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. One component of this analysis requires the court to look at what other competent Chapter 13 practitioners would charge for a Chapter 13 case similar in complexity.

"The burden is upon the applicant to demonstrate that the fees are reasonable." <u>In re Basham</u>, 208 B.R. 926, 931-932 (9th Cir. BAP 1997) [citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983)].

This case started out as a business Chapter 13 because one of the debtors, Alan Zink, ran a small CD music business. Mr. Zink closed his music business within three months of the petition date and obtained employment prior to confirmation of the debtors' Chapter 13 Plan. Throughout the case Mrs. Zink has been employed by Costco. The debt listed in the debtors' schedules is almost exclusively consumer debt. Although there has been a moderate amount of activity in this case, nothing complex, or out of the ordinary has taken place. The activity in

this case has consisted of garden-variety motions and objections. Further, the court notes that when considering the original fee that the debtors paid, along with the fees approved under prior fee motions, Counsel has already been paid a total of $9,796.90. As prior awards were allowed on an interim basis, they are subject to review at this time. Accordingly, the court will consider all prior fee requests, and prior fee awards, in determining the reasonableness of the compensation requested in the Motion.

Turning now to Counsel's current fee request. The court notes that Counsel represents Chapter 13 debtors on a regular basis. The court finds that Counsel's hourly rate ($195 per hour) is reasonable and the court does not have an issue with the quality of Counsel's services. With that said, the court does have a real concern that the aggregate of fees requested in this case exceed the reasonable value of the services rendered.

The burden is on Counsel to demonstrate that the fees requested are reasonable and the Motion, and prior fee motions, are void of any analysis or discussion as to the reasonableness of the fees requested. Accordingly, Counsel has not met his burden to demonstrate the fees requested are reasonable. On the contrary, and for the reasons stated below, the court finds the aggregate fee requested in this case is excessive and unreasonable.

There are numerous time entries that are excessive. By way of example only, on October 13, 2004 Counsel charged 1.9 hours to "Prepare Docket Number MWB-3 Motion to Confirm First Amended Plan and Notice." Then on September 25, 2007 Counsel charged 1.4

hours for "Formulation and Preparation re Docket Number MWB-9 Ex Parte Application to Sell Property and Proposed Order Thereon." Both of these motions are three-page boilerplate pleadings. A review of the time charged for these boilerplate motions leads the court to one of two conclusions. One, that Counsel is extremely inefficient, or alternatively the time charged is grossly inflated. In either event these charges are clearly excessive and unreasonable.

However, rather than dissect Counsel's charges line-by-line, or task-by-task, the court chooses to take a more global approach. The court will consider the fees already awarded and the fees sought in the Motion and then consider the complexity of the debtors' case to determine the reasonableness of the aggregate fee request. The court finds that nothing out of the ordinary occurred in the debtors' Chapter 13 case and that it is a routine Chapter 13. The court also finds the total fees requested in this case exceed the reasonable value of services rendered when compared to what other competent practitioners would charge for a Chapter 13 case of similar complexity.

The court notes that under the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases Applicable in the Eastern District of California (the "Fee Guidelines") in effect when this case was filed, the allowed "opt-in" fee for a Chapter 13 case was $2,500 and $4,000 for a business case. Although attorneys can "opt-out" of the Fee Guidelines, there is a general presumption that the fixed fee provided for in the Fee Guidelines for attorneys who "opt-in" is sufficient to cover the basic attorney services necessary in a routine Chapter 13 case. See In

re Eliapo, supra at 599.  In fact, many competent Chapter 13 attorneys use the "opt-in" procedure provided for in the Fee Guidelines and provide full representation for the fixed fee.

    Although Counsel has opted out of the Fee Guidelines, the fixed fee charged by many competent Chapter 13 practitioners is to be considered and used as a guide as to what is reasonable attorney compensation for handling a routine chapter 13 case. The court finds that even when considering that it was necessary for Counsel to respond to motions for relief from stay and to respond to the trustee's motion to dismiss, that reasonable compensation does not exceed the amount Counsel has already been paid, to wit $9,796.  This amount is almost 400% of the fixed fee set under the Fee Guidelines and is a very generous allowance for the services rendered in this case.

    As Counsel has already been paid $9,796.90, no additional compensation will be allowed.

    A separate order will be entered consistent with this memorandum decision.

Dated:   DEC 18 2007

Robert S. Bardwil
United States Bankruptcy Judge

- 5 -

## Certificate of Service

I certify that on ___DEC 18 2007___ a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mark Briden
P.O. Box 493085
Redding, CA 96049-3085

Alan and Linda Zink
3653 Dune Street
Redding, CA 96002

```
FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____
    Deputy Clerk
```